NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-888

BRADLEY R. NELSON

vs.

WORLD SAVINGS BANK, FSB & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Bradley R. Nelson, appeals from the dismissal of his complaint with prejudice against Wells Fargo Bank, N.A. (Wells Fargo), successor to World Savings Bank, FSB (World Savings) and Isabelle Lewis.  We affirm.

Background.  We accept as true the facts as alleged in the complaint, Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 17 (2018), as well as any relevant "[m]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" (citation

---

[1] Nelson filed this complaint against World Savings Bank, FSB and Isabelle Lewis.  Wells Fargo Bank, N.A. contends that it, rather than World Savings Bank, FSB, is the proper defendant.

omitted).  Rosenberg v. JPMorgan Chase & Co., 487 Mass. 403, 408 (2021).

1.  Procedural history.  On March 2, 2007, Nelson entered into a loan agreement in the amount of $511,500 and a "Home Equity Line of Credit Agreement" in the amount of $102,300 with World Savings.  Each loan was secured by a mortgage on Nelson's property in Groton (the property).  World Savings Bank merged into Wells Fargo which foreclosed on the property.  Years later, after significant litigation in Federal court, Nelson filed a complaint on June 30, 2023, in the Superior Court seeking declaratory relief with respect to the two mortgages described above.  He also claimed that defendant Isabelle Lewis, an employee of Wells Fargo, committed criminal fraud.  He sought damages for larceny and forgery.  The thrust of his argument is that Wells Fargo did not have standing to foreclose on the property.

On August 30, 2023, defaults entered pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974) (rule 55), against both World Savings and Lewis, because neither defendant had served an answer or responsive pleading.  Wells Fargo and Lewis (the defendants) filed emergency motions pursuant to rule 55 (c) to vacate the defaults on September 12, 2023.  The first motion judge allowed the motions to vacate on September 20, 2023.

2

On October 20, 2023, the defendants filed a motion to dismiss.  In response, Nelson filed two motions to strike pleadings, motions, and documents filed by the defendants.  On December 8, 2023, a second motion judge denied both motions to strike.  Ultimately, on April 24, 2024, after a hearing, a third motion judge dismissed Nelson's claims for declaratory relief on preclusion grounds and dismissed the claim against Lewis on the ground that there was no private right of action against her.  On May 9, 2024, Nelson filed a motion for reconsideration, which the third motion judge denied.

2.  The prior litigation.  Because Nelson's claim was dismissed on the basis of issue preclusion, we describe the prior litigation, which are matters of public record, in detail.  Rosenberg, 487 Mass. at 408.  The defendants attached to the motion to dismiss and legal memorandum the decision of Nelson v. Wells Fargo, N.A., 621 B.R. 542 (2020).  In that decision, the court stated in relevant part, "Effective December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB ('Wachovia').  On November 1, 2009, Wachovia converted into a national bank with the name Wells Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank, N.A. on the same date."  Nelson, 621 B.R. at 545.  When the third motion judge dismissed the complaint in this case, she found that the United States District Court, the bankruptcy court, and the United States

3

Bankruptcy Appellate panel of the First Circuit (BAP) all definitively decided that Wells Fargo holds Nelson's mortgages.

a.  The 2012 bankruptcy proceedings.  On July 26, 2012, Nelson filed a voluntary petition in the United States Bankruptcy Court for the District of Massachusetts (bankruptcy court) seeking relief under Chapter 7 of the United States Bankruptcy Code (bankruptcy code).  On the schedules attached to his petition, Nelson identified Wells Fargo as his creditor for both lines of credit and filed a declaration under penalty of perjury that the schedules were correct.  Nelson received the Chapter 7 discharge on October 23, 2012.  During the case, Wells Fargo filed a motion for relief from automatic stay, claiming that Nelson was in default.  In 2014, the court granted Wells Fargo's motion, and it commenced foreclosure proceedings.

b.  The 2014 litigation.  On September 4, 2014, Nelson filed a civil complaint against Wells Fargo and World Savings in the Superior Court seeking declaratory and injunctive relief preventing them from foreclosing on the property.  The case was removed to the United States District Court where a Federal judge granted Wells Fargo's motion to dismiss so much of the complaint that alleged breach of duty to foreclose in good faith, alleged breach of contract, and sought declaratory judgment.  Thereafter, the judge allowed Wells Fargo's motion for summary judgment on the remaining counts, which alleged

4

promissory estoppel and violation of G. L. c. 93A.  On June 26, 2017, Wells Fargo Home Mortgage, Inc. sent Nelson an acceleration letter and sent a second acceleration letter on July 12, 2017.

c.  The 2019 bankruptcy proceedings.  On May 10, 2019, Nelson filed a second petition with the bankruptcy court seeking relief under Chapter 13 of the bankruptcy code.  He also filed objections to Wells Fargo's two proofs of claim, challenging Wells Fargo's ownership of his mortgages.  He argued that all debt due to Wells Fargo had been discharged in the prior bankruptcy case where he received the Chapter 7 discharge.  On November 19, 2019, the bankruptcy court overruled Nelson's objections to the proofs of claim and concluded that Wells Fargo was entitled to relief from the automatic stay so that it could foreclose on the property.  On November 6, 2020, the BAP affirmed.  Additionally, the BAP found Nelson's argument against issue preclusion, or collateral estoppel, "unpersuasive" and stated that "the elements for the application of federal collateral estoppel are easily met."

3.  Nelson's sale of the property.  While the civil action at issue here was pending in Superior Court, Nelson deeded the property to his daughter via a warranty deed for one dollar, on December 22, 2023.

5

     Discussion.[2]  1.  Mootness.  Before we address the merits of

Nelson's argument, we address the defendants' argument that the

appeal is moot because Nelson no longer owns the property.  "It

is the general rule that courts decide only actual

controversies.  We follow that rule, and normally do not decide

moot cases."  Boston Herald, Inc. v. Superior Court Dep't of the

Trial Court, 421 Mass. 502, 504 (1995).  "[L]itigation is

considered moot when the party who claimed to be aggrieved

ceases to have a personal stake in its outcome[,] . . . [and] a

court can order no further effective relief" (quotations and

citations omitted).  Branch v. Commonwealth Employment Relations

Bd., 481 Mass. 810, 816-817 (2019), cert. denied, 140 S. Ct. 858

(2020).  See Mullholland v. State Racing Comm'n, 295 Mass. 286,

289 (1936) (when "a decision by the court will not be applicable

to existing rights, no decision will be rendered" because "[t]he

questions originally involved have become moot").

---

     [2] Because Nelson's claim was dismissed on the basis of issue
preclusion, it was necessary for the motion judge, and necessary
here, to consider prior orders and rulings in other courts to
prevent relitigation of an issue previously decided.  Bagley v.
Moxley, 407 Mass. 633, 636-637 (1990), quoting Heacock v.
Heacock, 402 Mass. 21, 23 n.2 (1988) ("'Issue preclusion' is the
modern term for the doctrine traditionally known as 'collateral
estoppel,' and prevents relitigation of an issue determined in
an earlier action where the same issue arises in a later action,
based on a different claim, between the same parties or their
privies").

Here, as noted above, Nelson deeded the property to his daughter on December 22, 2023, and, as a result, has no ownership rights in the property. Additionally, Nelson does not have a personal debt obligation to Wells Fargo after his Chapter 7 discharge. In other words, Wells Fargo's enforcement of its in rem property rights through foreclosure does not involve seeking redress from Nelson. Because Nelson no longer owns the property and does not have a personal stake in the litigation, we agree that the appeal is moot.[3] See Branch, 481 Mass. at 816-817. However, because the issues have been fully briefed, we exercise our discretion to address them.

2. Merits. Nelson argues that the motion judges erred by (1) removing the defaults against the defendants, (2) dismissing the complaint and doing so without leave to amend, and (3) denying Nelson's motion for reconsideration.[4] None of these arguments have merit.

a. Removal of the defaults by the first motion judge. Because the defendants filed a motion to vacate the default

---

[3] To the extent that Nelson is arguing that the mortgages are not enforceable because Lewis committed fraud or larceny in relation to them, these claims, too, would be moot.

[4] Nelson also argues that the second motion judge erred in denying Nelson's motion to strike pleadings, motions and documents of "nonparties" Wells Fargo and Lewis, and erred in allowing a misjoinder claim by "nonparty" Wells Fargo. We agree with the third motion judge's finding that Wells Fargo is a proper party of interest to this claim.

before the judgment was entered, the defaults could be removed for "good cause."  See Institution for Sav. in Newburyport & its Vicinity v. Langis, 92 Mass. App. Ct. 815, 819-822 (2018).  See Mass. R. Civ. P. 55 (c) ("For good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60 [b]"); Ceruolo v. Garcia, 92 Mass. App. Ct. 185, 188 (2017).  While there is no mechanical formula for determining whether good cause exists, a motion judge may consider a variety of factors, including whether the default was willful, whether the adversary will be prejudiced, and the timing of the motion.  See id. at 189.  We review a decision to remove a default for abuse of discretion.  See id. at 188.

Here, the defendants established through affidavits that service was improper, thereby demonstrating that the default was not willful.  See Ceruolo, 92 Mass. App. Ct. at 189.  In addition, the defendants filed their motions to vacate the default early in the case, when the motion judge should "resolve doubts" in favor of the party seeking relief.  See id. Accordingly, the first motion judge did not abuse her discretion in vacating the defaults against the defendants.

b.  Dismissal without leave to amend.  Next, Nelson argues that it was error for the third motion judge to allow the motion to dismiss without leave to amend on the basis of issue

8

preclusion.[5]  "We review the allowance of a motion to dismiss de novo.  A motion to dismiss will be granted unless the factual allegations in the complaint are enough to raise a right to relief above the speculative level based on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (quotations and citations omitted).  Verveine Corp. v. Strathmore Ins. Co., 489 Mass. 534, 538 (2022).  In dismissing a complaint for issue preclusion, a motion judge must examine the record of prior litigation "to decide what issues of fact were actually litigated and necessarily determined."  Bell v. Stephens, 403 Mass. 465, 466 (1988).  See Jarosz v. Palmer, 436 Mass. 526, 530 n.2 (2002).

Here, Nelson's claims were barred by issue preclusion because (1) there were final judgments in the United States District Court and the bankruptcy proceeding; (2) Nelson is the same party from the prior actions; (3) the issue here, whether Wells Fargo has standing to effect a foreclosure on Nelson's mortgage, was addressed in his prior claims against Wells Fargo; and (4) the issue decided was essential to the earlier cases, as it was imperative for the court to determine whether Wells Fargo

_____

[5] We note that Nelson is incorrect in asserting that the judge dismissed the complaint sua sponte.  The defendants moved to dismiss the complaint, there was briefing, and the judge heard oral argument.

9

demonstrated standing to effect a foreclosure on Nelson's mortgages. See Green v. Brookline, 53 Mass. App. Ct. 120, 123 (2001). Based on these facts, we too conclude that Nelson's claims are barred by the doctrine of issue preclusion.

Lastly, Nelson asserts that the third motion judge erred in dismissing his complaint without leave to amend. "Our practice is tolerant with respect to amendment of pleadings, but presupposes that there is a viable pleading to amend. Put differently, the pending case sought to be amended must be one that could result in a recovery against the original defendant." Ramirez v. Graham, 64 Mass. App. Ct. 573, 579 (2005).

Here, Nelson's complaint did not raise a right to relief above a speculative level, nor was there a viable pleading to amend, as the complaint was barred by issue preclusion. See Verveine Corp., 489 Mass. at 538; Ramirez, 64 Mass. App. Ct. at 579. Because Nelson could not cure the defect in his claims, as they were previously litigated, it was not error to dismiss the complaint with prejudice. In any event, Nelson never sought leave to amend the complaint.[6]

_____

[6] Nelson does not argue in his appellate brief that the third motion judge's order finding that Nelson could not assert criminal claims for fraud and larceny was incorrect. Those claims are waived. Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 421 n.19 (2005) (argument not pressed on appeal waived).

c.  Denial of the motion for reconsideration.  Nelson argues that the denial of his motion for reconsideration was error, yet he designated only the judgment of dismissal in his notice of appeal, and not the order denying this motion, which entered after he noticed this appeal.  As such, "the validity of that ruling is not properly before this court."  Siles v. Travenol Labs., Inc., 13 Mass. App. Ct. 354, 354 n.1 (1982).  See Mass. R. A. P. 3 (c) (1), as appearing in 491 Mass. 1601 (2023).  In any event, however, the argument fails.

A judge's denial of a motion for reconsideration is reviewed for abuse of discretion.  See generally Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., 82 Mass. App. Ct. 461, 470 (2012).  A motion for reconsideration pursuant to Rule 9D of the Rules of the Superior Court (2023) (rule 9D) shall be based on "(1) newly discovered evidence that could not be discovered through the exercise of due diligence before the original motion was filed; (2) a change of relevant law; or (3) a particular and demonstrable error in the original ruling or decision."

In his motion for reconsideration, Nelson did not identify new evidence, a change of relevant law, or a demonstrable error in the original ruling or decision.[7]  See rule 9D.  Because

---

[7] To the extent Nelson argued that the motion judge incorrectly relied on previous orders and rulings of the BAP

11

Nelson's arguments did not meet the standard of rule 9D, the third motion judge did not abuse her discretion in denying the motion for reconsideration.[8]

3. Attorney's fees. The defendants seek attorney's fees and double costs on the ground that Nelson's appeal is frivolous. We agree that the appeal is frivolous and that the defendants are entitled to their reasonable attorney's fees. The defendants may file a verified and itemized application for fees and costs within fourteen days of the date of this decision, and Nelson will have fourteen days thereafter in which

---

attached to the motion to dismiss by the defendants to determine that Wells Fargo was a proper party, we disagree that it was error. See Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004) (concluding that exhibits attached to motion to dismiss can be relied on without converting motion to dismiss to motion for summary judgment).

[8] To the extent that we do not address any remaining contentions, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

to file any opposition to the amounts requested.  See <u>Fabre</u> v.

<u>Walton</u>, 441 Mass. 9, 10-11 (2004).

<u>Judgment of dismissal affirmed</u>.

By the Court (Vuono, Henry & Wood, JJ.[9]),

Clerk

Entered:  September 4, 2025.

---

[9] The panelists are listed in order of seniority.